**Steven BRENNER, Plaintiff,**

v.

**David HEAVENER, et al., Defendants.**

**No. 97 Civ. 1837.**

United States District Court, S.D. New York.

June 25, 2007.

400

James I. Meyerson, Jonathan C. Moore, Law Offices of Jonathan C. Moore, Reuben Blum, New York City, for Plaintiff.

Betsy J. Witten, Corporation Counsel of the City of New York, New York City, for Defendants.

### DECISION AND ORDER

MARRERO, District Judge.

Plaintiff Steven Brenner ("Brenner") brought this action against defendants the City of New York ("the City") and the City's Police Department ("NYPD"), NYPD Detectives John Baner ("Baner") and David L. Sager ("Sager"), and other unnamed NYPD officials (collectively the "City Defendants"), and David Heavener ("Heavener") as well as other individuals and business entities located in California (collectively the "California Defendants"). Brenner alleges violations of his federal constitutional rights pursuant to 42 U.S.C. § 1983 (" § 1983"), specifically involving false arrest and false imprisonment, use of excessive force, malicious abuse of process, and conspiracy to violate civil rights, and various state common law causes of action, including assault and battery, intentional infliction of emotional distress, negligence and denial of medical treatment. Before the Court is the City Defendants' motion for partial summary judgment and Brenner's cross-motion for partial summary judgment. For the reasons stated below the City Defendants' motion is GRANTED IN PART and DENIED IN PART, and Brenner's cross-motion is DENIED.

### I. FACTS

The action arose out of the arrest of Brenner by Baner and Sager on March 16, 1996. On that day, Heavener filed a criminal complaint with the NYPD charging that Brenner had committed grand larceny by having taken without permission a master tape of a film produced by Heavener and valued at $1.2 million, and demanding $10,000 for its return. Responding to the complaint, Baner and Sager proceeded to arrest Brenner at his home. Brenner alleges that in carrying out the arrest, Baner and Sager, without provocation or resistance by Brenner, punched him repeatedly in the face and body and threw him against a counter. Brenner was taken to

the precinct and held until late in the evening of the following day, March 17, 1996. Brenner was initially charged with grand larceny, a charge later reduced and ultimately dismissed.

## II. DISCUSSION

### A. CLAIMS AGAINST THE CITY

Brenner concedes that the claims filed against the NYPD are not proper because that agency is not an independent governmental entity for litigation purposes. Similarly Brenner stipulates that his federal and state law claims against the City of New York may be dismissed by his failure to file a timely notice of claim under New York General Municipal Law ("GML") § 50. Accordingly, these claims are dismissed.

### B. FALSE ARREST/FALSE IMPRISONMENT

#### 1. Probable Cause

■■ Probable cause is the cornerstone of the analysis of a claim of false arrest and false imprisonment against police officers. Without it, an arrest may violate the Fourth Amendment of the United States Constitution. Where probable cause exists, it is a complete defense to a charge of false arrest. Police officers have probable cause to justify an arrest at the moment when "the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." *Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). Information obtained from a person who the officer has reasonable grounds to believe may be telling the truth may provide adequate support for a finding of probable cause. *See Miloslavsky v. AES Eng'g*

*Soc'y, Inc.,* 808 F.Supp. 351, 355 (S.D.N.Y. 1992). Though plaintiff bears the burden of establishing the absence of probable cause, the burden shifts to the defendant when no arrest warrant has been issued. *See Flores v. City of Mount Vernon,* 41 F.Supp.2d 439, 442–43 (S.D.N.Y.1999) *(citing Raysor v. Port Auth. of New York & New Jersey,* 768 F.2d 34, 40 (2d Cir.1985)). In this case, the officers did not obtain a warrant for Brenner's arrest.

■■ Baner and Sager argue that they had probable cause to arrest Brenner on March 16, 1996 on the basis of: (1) the complaint by Heavener that Brenner had taken the master tape in question without permission and was withholding it as a means to extort money from Heavener; (2) Heavener presented evidence to the officers that he had filed a criminal complaint with the Los Angeles police reporting the theft; (3) a call from Baner to defendant Soly Bina ("Bina"), an agent of Heavener and employee of the laboratory in Los Angeles from which Brenner took the tape, who allegedly said that Brenner did not have his permission to remove the film; and (4) a recorded telephone call of a conversation between Heavener and Brenner initiated by Heavener from the precinct that Baner listened to in determining probable cause. Baner and Sager also point out that prior to the arrest Baner consulted with an Assistant District Attorney, who allegedly confirmed that on the basis of the information reported probable cause existed to arrest Brenner.

Brenner responds that he and Heavener had a pre-existing business relationship prior to March 16, 1996 out of which arose a dispute that prompted Brenner to institute litigation against Heavener on March 15, 1996 regarding the distribution of the film at issue. According to Brenner, when Heavener went to the police station on March 16, 1996 to file a complaint against

Brenner, he falsely said, in response to Baner's questioning, that he did not know Brenner at all, and was not involved in any litigation related to the master tape. Brenner further contends that he informed Baner and Sager at the time of the arrest that he had litigation pending against Heavener involving the business relationship pertaining to the film, Baner acknowledged that had he been aware that Heavener's criminal complaint regarding a private dispute, the police would not have pursued the matter, but would have left it to resolution by the courts. Moreover, Brenner argues that at the time of the arrest Baner had no knowledge as to whether the film was in Brenner's possession in New York or elsewhere, and that it was for the purpose of ascertaining the existence of jurisdiction to pursue the matter, not to determine probable cause, that Baner called the District Attorney's Office.

Brenner asserts that the telephone conversation between Brenner and Heavener that Baner recorded and heard establishes that in fact Brenner and Heavener had a prior relationship, that the parties were engaged in a dispute over rightful possession of the master tape, that Brenner claimed he had obtained permission from Bina to take the film, and that the conversation does not provide sufficient ground for Baner reasonably to conclude that Brenner was engaging in extortion of money, as Heavener had reported.

Nonetheless, according to Brenner, Baner and Sager, without a warrant and without apparent urgency, entered his home and arrested him, in the course of which they used excessive force. Brenner claims that the officers' pursuit of the charges against him after his arraignment was done intentionally for wrongful reasons of covering up their prior improper conduct, constituting malicious abuse of criminal process.

The Court is persuaded that, viewed objectively, the circumstances presented to Saner at the police precinct following Heavener's complaint were at best ambiguous and subject to innocent explanation, and thus material issues of fact exist as to whether Baner and Sager acted reasonably in carrying out their subsequent arrest of Brenner. *See Flores,* 41 F.Supp.2d at 442–43. Heavener allegedly told Baner that he had no prior relationship with Brenner, an assertion refuted by Heavener's telephone conversation with Brenner which was heard by Baner. That call also established that Brenner and Heavener not only knew one another, but that they were involved in a dispute about the very item that was the subject of Heavener's criminal complaint.

The cause for the warrantless arrest of Brenner was further diminished when Brenner told the officers that he had just filed litigation against Heavener, providing some basis for a reasonable belief that that dispute may have prompted Heavener's complaint, and that then the more appropriate course of conduct for the officers was either to investigate further before carrying out an arrest, or dropping the matter and leaving it to be resolved in court. The absence of evidence of urgency compelling an immediate arrest further raises questions of fact about the officers' reasonableness under the circumstances. For these reasons, summary judgment for the City Defendants on this claim is not warranted. By the same token, the existence of genuine issues of material fact in this regard compels denial of Brenner's cross motion for summary judgment on the false arrest claim.

### 2. *Qualified Immunity*

█ The Court's analysis of the probable cause defense bears on the issue of whether Baner and Sager can properly

claim qualified immunity. The Court is not persuaded that, lacking probable cause to arrest Brenner under the totality of the circumstances presented to them, it was nonetheless objectively reasonable for Baner and Sager to believe that under existing law their warrantless arrest of Brenner was lawful. *See Cook v. Sheldon,* 41 F.3d 73, 77–78 (2d Cir.1994). Accordingly, the Court denies the claim of qualified immunity.

## C. *CONSPIRACY*

█ The Court finds that Brenner has not provided sufficient evidence to sustain a claim of conspiracy under § 1983. A claim of conspiracy cannot be grounded on nothing more than vague and conclusory allegations such as those on which Brenner's cause of action is based. *See San Filippo v. U.S. Trust Co.,* 737 F.2d 246, 256 (2d Cir.1984). Moreover, having acknowledged that the remaining action here against Baner and Sager involves them only in their individual capacities, and cannot involve the City as municipal entity, there can be no state action that is a predicate for a § 1983 claim.

## D. *MALICIOUS ABUSE OF CRIMINAL PROCESS*

█ Brenner's malicious abuse of criminal process claim is grounded on the allegation that Baner and Sager pursued criminal proceedings against Brenner for the purpose of covering up their previous misconduct in falsely arresting Brenner without a warrant and without probable cause and using excessive force against him. However, other than the conclusory arguments in his memorandum of law in support of the motion, Brenner presents no concrete evidence from the record that supports such a theory or provides any basis for a reasonable inference that Baner and Sager were motivated by a scheme to cover up their alleged misconduct. Nor does Brenner provide specifics stating precisely what post-arraignment conduct the officers engaged in that constituted the malicious abuse of process, other than presumably signing the charges Heavener brought against Brenner. In the absence of such an evidentiary record, no reasonable juror could find that Brenner can satisfy his burden to prove the elements of this claim by a preponderance of the evidence. Accordingly, this claim of malicious abuse of criminal process is dismissed.

## E. *STATE LAW CLAIMS*

[10] A dispute exists as to whether Brenner's state law claims may proceed against Baner and Sager since Brenner did not file a Notice of Claim under the GML § 50. Brenner argues that such notice is not required in the case of an action brought against the officers in their individual capacity and in which the City is not a party.

The City responds that the Notice of Claim is required if the employee sued for conduct within the scope of his official duties, thus requiring the City to indemnify the employee. The City argues that in this case all the actions taken by Baner and Sager in receiving and investigating Heavener's complaint and arresting Brenner pursuant to it were within the scope of their employment as police officers.

The Court agrees with the City's view with respect to claims involving conduct by Baner and Sager that occurred while they were acting within the scope of their public employment and discharging official duties, and not in violation of any NYPD rule. As to such claims the City would have a statutory obligation to indemnify the officers and hence must receive the Notice of Claim even if the action is brought against them but not against the

City. *See* N.Y. GML §§ 50e(1)(b) and 50k(3); *D'Angelo v. City of New York* 929 F.Supp. 129, 135 (S.D.N.Y.1996). The notice prerequisite does not apply to claims asserted against municipal employees in their individual capacities that allege injuries resulting from intentional wrongdoing or recklessness—misconduct for which the City has no obligation to indemnify. *See* GML § 50k(3). Here, Brenner's claims alleging false arrest and ordinary acts of negligence would fall into the first category, but not those asserting more extreme intentional misconduct, such as use of excessive force and intentional infliction of emotional distress.

### III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 45) of defendants City of New York (the "City"), John Baner ("Baner") and David L. Sager ("Sager") (collectively, the "City Defendants") for partial summary judgment herein is GRANTED dismissing the claims of plaintiff Steven Brenner ("Brenner") asserted against the City and the New York City Police Department; and it is further

**ORDERED** that the City Defendants' motion for partial summary judgment is GRANTED dismissing Brenner's claims alleging malicious abuse of process and conspiracy to violate civil rights; and it is further

**ORDERED** that the City Defendants' motion for partial summary judgment is DENIED with regard to Brenner's federal claims alleging false arrest and false imprisonment; and it is further

**ORDERED** that the City Defendants' motion for partial summary judgment is GRANTED with regard to Brenner's state law claims brought against Baner and Sag-

er in their individual capacities alleging false arrest and false imprisonment and negligence and DENIED with respect to Brenner's remaining state law claims brought individually against Baner and Sager alleging misconduct as to which the City does not have a statutory obligation to indemnify employees sued in their individual capacity; and it is finally

**ORDERED** that Brenner's motion for partial summary judgment (Docket No. 50) is DENIED.

**SO ORDERED.**