**Phillip JEAN–LAURENT, Plaintiff,**

v.

**C.O. WILKERSON, et al., Defendants.**

**No. 05 Civ. 0583.**

United States District Court,
S.D. New York.

Nov. 30, 2007.

Phillip Jean–Laurent, Gouveneur, NY, pro se.

---

Sarah Beth Evans, NYC Law Department, Office of the Corporation Counsel, New York, NY, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

### I. BACKGROUND

Plaintiff Phillip Jean–Laurent ("Jean–Laurent") brought this action pursuant to 42 U.S.C. § 1983 asserting claims stemming from an alleged strip search by defendants. At the relevant times Jean–Laurent was in the custody of the individual defendants, who were officers of defendant City of New York's Department of Correction (the "City"). Pursuant to an Order of the Court ruling on defendants' motion to dismiss, Jean–Laurent filed an amended complaint repleading certain of the claims that survived the motion. He included state common law conspiracy causes of action and other tort claims against individual defendants not dismissed from the case. Defendants objected to the filing of new claims to the extent that Jean–Laurent had failed to comply, insofar as applicable, with the City's notice of claim requirement set forth in General Municipal Law § 50 ("GML § 50").

By Order dated March 8, 2007, Magistrate Judge Douglas F. Eaton, to whom this matter had been referred for supervision of pretrial proceedings, issued an Order denying Jean–Laurent leave to include the conspiracy claims and otherwise dismissing his other state law claims, because of Jean–Laurent's non-compliance with GML § 50, and directing Jean–Laurent to file a Second Amended Complaint in a format suggested by the Magistrate Judge. Jean–Laurent filed a Second Amended Complaint as instructed, and then sought reconsideration of the March 8, 2007 Order, purportedly pursuant to Federal Rule of Civil Procedure 60(b).

Magistrate Judge Eaton denied Jean–Laurent's motion as untimely and improperly filed under Rule 60. By subsequent motion, Jean–Laurent sought leave to file a third amended complaint, essentially to reassert the claims precluded by Magistrate Judge Eaton's earlier rulings. This application was also denied by the Magistrate Judge, from whose order Jean–Laurent now seeks the Court's review. Jean–Laurent filed objections to the denial of his motion. For the reasons stated below, the Court adopts Magistrate Judge Eaton's decision in its entirety.

### II. STANDARD OF REVIEW

A district court evaluating a Magistrate Judge's order with respect to a matter not dispositive of a claim or defense may adopt the Magistrate Judge's findings and conclusions as long as the factual and legal bases supporting the ruling are not clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). A district judge, after considering any objections by the parties, may accept, set aside, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge with regard to such matters. *See* Fed.R.Civ.P. 72(a); *see also DeLuca v. Lord*, 858 F.Supp. 1330, 1345 (S.D.N.Y. 1994).

### III. DISCUSSION

Having conducted a review of the full factual record in this litigation, including the materials submitted in connection with Jean–Laurent's motion to file a third amended complaint, and his papers in this proceeding, as well as Magistrate Judge Eaton's relevant orders and applicable legal authorities, the Court concludes that the findings, reasoning, and legal support for the Magistrate Judge's ruling is not clearly erroneous or contrary to law, and are thus warranted.

Jean–Laurent's argument is essentially grounded on his conclusory assertion that defendants' conduct at issue did not arise while acting within the scope of their employment and in the discharge of their duty, and thus that the City of New York has no duty to indemnify them under GML § 50, obviating GML § 50's notice of claim provision. The Court is not persuaded that under the circumstances presented in this case that question, as regards Jean–Laurent's conspiracy allegations and other state common law claims, is as clearly determined as Jean–Laurent asserts it is. At minimum, the facts raise disputable issues regarding defendants' potential liability, precisely the kind of inquiry that the statute was intended to provide the City with sufficient prior opportunity to assess. *See Brenner v. Heavener*, 492 F.Supp.2d 399, 404–05 (S.D.N.Y.2007) (*citing D'Angelo v. City of New York*, 929 F.Supp. 129, 135 (S.D.N.Y.1996)). Jean–Laurent's conspiracy charges do not entail the element of intentional wrongdoing or recklessness that the GML § 50 would exempts from its coverage. Accordingly, for substantially the reasons set forth by Magistrate Judge Eaton in ruling upon this matter, Court adopts Magistrate Judge Eaton's order denying leave for Jean–Laurent to file a third amended complaint.

## IV. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the Order of Magistrate Judge Douglas Eaton dated November 6, 2007 (Docket No. 88) is adopted in its entirety, and the objections of plaintiff Phillip Jean–Laurent are DENIED.

**SO ORDERED.**