Phillip JEAN–LAURENT, Plaintiff,

v.

C.O. WILKERSON, et al., Defendants.

No. 05 Civ. 0583.

United States District Court,
S.D. New York.

May 21, 2012.

Phillip Jean–Laurent, Collins, NY, pro se.

Sarah Beth Evans, NYC Law Department, Office of the Corporation Counsel, Douglas William Heim, Sumit Sud, New York City Law Department, New York, NY, for Defendant.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

By Mandate filed on March 28, 2012, the United States Court of Appeals for the Second Circuit found that the Order dated March 8, 2007 issued by Magistrate Judge Douglas Eaton in connection with this action improperly denied the request of plaintiff Phillip Jean–Laurent ("Jean–Laurent") for leave to file an amended complaint asserting state law claims. The Second Circuit further determined that in evaluating the Magistrate Judge's ruling, this Court's Order dated November 30, 2007 should have applied a de novo review, rather than a standard based on grounds clearly erroneous or contrary to law. Accordingly, the Second Circuit remanded the matter to this Court for reconsideration of the Magistrate Judge's March 8, 2007 Order under the proper standard. In doing so, the Second Circuit noted that on remand this Court may, in its discretion, decline to exercise supplemental jurisdiction over Jean–Laurent's state law claims, as authorized by 28 U.S.C. § 1367. By Order dated April 10, 2012 (the "April 10 Order") the Court directed that the parties respond by May 10, 2012 showing cause why the Court should not decline to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over state law claims which this Court, by Order dated November 30, 2007, denied Jean–Laurent leave to file.

Defendants responded by letter dated May 7, 2012 requesting the Court to decline to exercise supplemental jurisdiction. To date, Jean–Laurent has not responded to the Court's April 10 Order. The Court thus deems the April 10 Order unopposed.

The Court has examined the pleadings and other relevant records, as well as the papers submitted in this proceeding. On the basis of this review, the Court determines that its declining to exercise discre-

tion to consider Jean–Laurent's state law claims at this time is warranted. The Court finds no exceptional circumstances supporting its consideration of Jean–Laurent's state law claims. *See Walker v. Time Life Films, Inc.,* 784 F.2d 44, 53 (2d Cir.1986). Moreover, Jean–Laurent's state law claims present some novel and complex issues regarding the application of the New York General Municipal Law as to which, as the Second Circuit has noted in this litigation, there is no clear authority. *See Jean–Laurent v. CO. Wilkerson,* 461 Fed.Appx. 18, 25–26 (2nd Cir.2012). Accordingly, it is hereby

**ORDERED** that the Clerk of Court is directed to dismiss the complaint of plaintiff Phillip Jean–Laurent, without prejudice to his seeking in New York state court any relief to which he may be entitled under state law.

**SO ORDERED.**